UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MYRNA HOPPER, )
 )
    Plaintiff, )
 ) No. 3:11-CV-235
v. ) (VARLAN/SHIRLEY)
 )
UNION COUNTY BOARD OF EDU., *et al.*, )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are a Motion to Amend Answer [Doc. 15] and Motion to Modify Scheduling Order [Doc. 17]. For the reasons stated herein, these motions will be **GRANTED**.

**A.     Motion to Amend Answer [Doc. 15]**

Defendants move the Court to permit them to amend their Answer to assert governmental immunity, as an additional affirmative defense. [Doc. 15]. Defendants note that Rule 15 of the Federal Rules of Civil Procedure indicates that leave to amend should be freely given when justice so requires. Defendants maintain that justice requires that they be allowed to plead this affirmative defense, and they assert that the Plaintiff will not be prejudiced because the trial of this case is months away.

Plaintiff responds that she does not, generally, oppose the request to amend, but she asserts that the request to amend should be denied because Defendants have not responded to discovery served upon them in May 11, 2012. [Doc. 21]. Plaintiff states that the Defendants'

failure to respond to this written discovery has delayed the completion of depositions and other discovery.

The Court finds, first, that the Defendants have complied with Local Rule 15.1 by including a copy of their proposed pleading as an exhibit to their motion and by not incorporating another pleading by reference. The Court further finds that justice requires that the Defendants be afforded an opportunity to assert governmental immunity. See Fed. R. Civ. P. 15. The Court finds that the Plaintiff will not be prejudiced by permitting the Defendants to amend, because through the rulings herein, the Court will address the Plaintiff's concerns regarding discovery.

The Court finds that the Motion to Amend Answer **[Doc. 15]** is well-taken, and it is **GRANTED**. The Defendants **SHALL FILE** their Amended Answer in the docket on or before **February 5, 2014.**

Additionally, the Court finds that the Defendants have failed to timely respond to the written discovery served by the Plaintiff, and the Court finds that there is no indication in the docket that the parties have either conducted a Rule 26(f) conference or made initial disclosures. However, the Court finds that on December 23, 2013, Attorneys Chris McCarty and Mary Ann Stackhouse appeared on behalf of the Defendants, and Defendants' previous counsel withdrew from this case. Thus, the Court finds that, to the extent the discovery in this matter has languished or been delayed, it is now appropriate to get discovery back on an appropriate schedule.

Counsel for the parties **SHALL** conduct a Rule 26(f) conference and file a report of the conference on or before **February 7, 2014**. At that conference, counsel for the Defendants confer with counsel for the Plaintiffs to ensure that they have received copies of any and all

2

discovery requests that were served upon Defendants' previous counsel. Further, Defendants **SHALL** respond to this written discovery on or before **February 21, 2014**. Additionally, to the extent initial disclosures have not been completed, the parties shall complete their initial disclosures on or before **February 28, 2014**.

B.  **Motion to Modify Scheduling Order [Doc. 17]**

Also before the Court is Defendants' Motion to Modify Scheduling Order [Doc. 17], wherein the Defendants move the Court to allow them to file their dispositive motion no later than ninety days prior to trial. Trial in this case is currently set for June 17, 2014. The Defendants acknowledge that this extension requested would place the Court in the untenable position of deciding the dispositive motion very close to the trial date. Therefore, the Defendants state that they do not object to a continuance of the current trial date.

Plaintiff has filed a response in opposition to the Motion to Modify Scheduling Order [Doc. 21], but the Plaintiff does not specifically object to the request to extension. Instead, the Plaintiff states, as noted above, that the Defendants have not been timely in responding to discovery.

The Court finds that the Motion to Modify Scheduling Order is well-taken, in part. First, the Court finds that the Plaintiff's objection thereto, based upon the failure to respond to discovery, has been remedied by the Court's directives above. Second, the Court finds that the requested extension for filing dispositive motions will place the deadline for filing too close to the trial setting in this case. Therefore, the Court will reset the trial of this case and modify the Scheduling Order as appropriate.

Based upon the foregoing, the Motion to Modify Scheduling Order **[Doc. 17]** is **GRANTED**, as follows. The trial setting on June 17, 2014 is **VACATED**, and this case is

3

**RESET** to proceed to trial at **9:00 a.m. on November 3, 2014**, before the Honorable Thomas A. Varlan, Chief United States District Judge. The deadlines in the Scheduling Order [Doc. 11] shall be **RECALCULATED** from the new trial date, but to the extent the discovery deadlines set herein conflict with the Scheduling Order, the deadlines set herein shall govern discovery. Finally, the parties are **ADMONISHED** that given the age of this case the pretrial deadlines and trial date will not be extended again absent a showing of *extraordinary good cause*.

    **IT IS SO ORDERED**.

    ENTER:

      s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge